```
              IN THE UNITED STATES DISTRICT COURT

                   FOR THE DISTRICT OF OREGON

CYNTHIA CHRISTENSEN, et al.          Civil No. 05-6349-HO
                                      (LEAD CASE)
            Plaintiffs,
                                     Civil No. 05-6367-HO
     v.                               (MEMBER CASE)

DARA PARVIN, et al.,                 ORDER

            Defendants.
```

Plaintiffs allege quid pro quo sexual harassment and retaliation in violation of Title VII and Chapter 659A of the Oregon Revised Statutes, intentional infliction of emotional distress (IIED) and wrongful discharge.  Defendants filed motions for summary judgment in the two consolidated cases.  Defendants argue that there is a failure of proof on the employee numerosity element of plaintiffs' Title VII claims, and that the court should decline jurisdiction over supplemental state law claims.  Defendants also filed a motion for protective order to prevent plaintiffs from proceeding with a Rule 30(b)(6) deposition.

Plaintiffs filed a motion to compel production of e-mail documents.

## Discussion

Summary judgment is appropriate if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

The parties dispute whether OCSI is subject to Title VII as an employer having "fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year . . ." 42 U.S.C. §§ 2000e(b). The parties further dispute the summary judgment standard and defendants' burden of proof.

The employee numerosity requirement, sometimes held to be a jurisdictional requirement, is an element of plaintiffs' Title VII claims. Arbaugh v. Y & H Corp., 126 S. Ct. 1235, 1245 (2006). Plaintiffs have the burden of proof at trial. At the summary judgment stage, defendants' burden is to point out, with or without supporting affidavits, that there is an absence of evidence to support plaintiffs' case. Celotex v. Cattrett, 477 U.S. 317, 324-25 (1986). To avoid summary judgment, plaintiffs must go beyond the pleadings and designate specific facts showing a genuine issue for trial. Celotex, 477 U.S. at 324; Fed. R. Civ. P. 56(e). Plaintiffs' evidence must be sufficiently probative to permit a reasonable trier of fact to find in

plaintiffs' favor. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249-50 (1986). Merely discrediting defendants' evidence is insufficient to avert summary judgment. <u>See</u> <u>Department of Commerce v. United States House of Representatives</u>, 525 U.S. 316, 331 (1999).

The employee numerosity requirement is satisfied if an employer "has employment relationships with 15 or more individuals for each working day in 20 or more weeks during the year in question." <u>Walters v. Metropolitan Educational Enterprises, Inc.</u>, 519 U.S. 202, 206 (1997). This test is generally known as the "payroll method," because "the existence of an employment relationship is most readily demonstrated by the individual's appearance on the employer's payroll." <u>Id</u>. at 207. Under the Court's approach, "all one needs to know about a given employee for a given year is whether the employee started or ended employment during that year and, if so, when. He is counted as an employee for each working day after arrival and before departure." <u>Id</u>. at 211.

Defendants submitted affidavits and summary exhibits demonstrating that the employee numerosity requirement is unmet for 2002, 2003 and 2004, the years put into question by plaintiffs' allegations. Defs' exs. D-G; Dara Parvin Decl., Linet Parvin, Decl.; David Riewald Decl. Plaintiffs argue that defendants' affidavits are conclusory and self-serving, and that

3 - ORDER

the summary exhibits are inaccurate and inadmissible for defendants' failure to provide the source material for the summaries.  Marsh Aff., ¶ 2.  Dara Parvin's statement regarding employee numerosity is supported by the summary exhibits.  Dara Parvin Decl., ¶ 5; defs' exs. D-G.  Linet Parvin and David Riewald state that the information in the summary exhibits was taken directly from ADP payroll records and payroll and personnel records maintained by OCSI, and that defendants provided these records to plaintiffs.  Linet Parvin Decl., ¶¶ 4-10; Riewald Decl., ¶¶ 2-4.  Linet Parvin further states that she prepared the exhibits and the exhibits accurately summarize information contained in the voluminous payroll and personnel records.  Linet Parvin Decl., ¶¶ 8, 10.  Linet Parvin and Riewald state that the payroll and personnel records cannot be conveniently examined in court.  Linet Parvin Decl., ¶ 10; Riewald Decl., ¶ 2.

    Plaintiffs submitted copies of ADP payroll registers for OCSI for 2002, 2003 and 2004.  Marsh Aff. dated October 23, 2006, ex. 1; Marsh Aff. dated December 6, 2006, exs. 1 & 2.  The ADP payroll registers contain a "Payroll Statistics" field, which contains entries for "employees paid," "active employees not paid," and "terminated employees paid."  Plaintiffs find the employee numerosity requirement satisfied by adding the number of employees paid and active employees not paid on the payroll registers.  Plaintiffs also submitted evidence of several alleged

4 - ORDER

employees that do not appear on the ADP payroll registers.  Marsh Aff. dated December 6, 2006, ex. 3; Marsh Aff. dated October 23, 2006, exs. 10, 12, 16.

Defendants submitted the declaration of Michelle Lee, ADP Client Services Manager.  Lee explains that ADP does not maintain hard copies of payroll registers previously provided to clients, and payroll statistics for restored payroll registers are inaccurate and differ from the statistics reported on the original payroll registers provided to the client.  Lee Decl., ¶¶ 6-9.

Plaintiffs' evidence is insufficient to permit a reasonable trier of fact to conclude under the "payroll method" that the employee numerosity element of a Title VII claim is satisfied, that is, that fifteen individuals had employment relationships with OCSI for twenty weeks in any of the years in question based on start and/or end dates.  See Walters, 519 U.S. at 211.  The ADP payroll registers submitted by plaintiffs only list employees paid during the pay period.  Plaintiffs provide no evidence controverting Lee's statement that the payroll statistics relied on by plaintiffs do not accurately state the number of individuals with an employment relationship with OCSI.  Evidence provided by plaintiffs that several alleged employees do not appear on ADP payroll registers may serve to discredit defendants' evidence, but there remains no evidentiary basis upon

which a reasonable trier could conclude that the employee numerosity requirement is satisfied.  Plaintiffs cannot avert summary judgment on their Title VII claims.

The court declines supplemental jurisdiction over the remaining state law claims.  Plaintiffs argue that they are prejudiced by state court adjudication of their state law claims because the parties have utilized interrogatories and because plaintiffs disclosed their experts.  The court finds any prejudice to be minimal, and outweighed by comity concerns. Plaintiffs identified four experts, but indicated no report would be provided for three treating doctors.  Defs' ex. R.  Counsel for defendants states that he has not reviewed any report that may have been provided by plaintiffs' economist, and that defendants do not intend to call expert witnesses.

Forthwith, the court will enter judgments in case number 05-6349-HO and case number 05-6367-HO.  Defendants shall have judgment in their favor in each case on plaintiffs' Title VII claims.  The remaining claims in case number 05-6349-HO will be dismissed without prejudice.  The remaining claims in case number 05-6367-HO will be remanded to the Circuit Court of the State of Oregon for Coos County, whence that case was removed.

## Conclusion

Based on the foregoing, in case number 05-6349-HO, defendants' motion for summary judgment [#29] is granted;

defendants' motion for protective order [#37] is denied as moot; and plaintiffs' motion to compel [#40] is denied as moot; in case number 05-6367-HO, defendants' motion for summary judgment [#26] is granted; defendants' motion for protective order [#33] is denied as moot; and plaintiffs' motion to compel [#36] is denied as moot.

    IT IS SO ORDERED.

    DATED this __21st__ day of December, 2006.

                                                _s/ Michael R. Hogan_
                                                United States District Judge